**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **DAVID W. SEWARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 7:23-cv-220** |
| | ) | |
| **ORIFJON KHOLMURADOV,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendants Orifjon Kholmuradov and AT, Nationwide Trucking, ask this court to dismiss Plaintiff's request for attorneys' fees in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. 14. Because Rule 12(b)(6) is not a proper vehicle to dismiss a remedy, Defendants' motion to dismiss is **DENIED**.

Plaintiff filed this suit against Defendants for negligence arising from a motor vehicle accident. Dkt. 1. The damages and ad damnum clause of the Complaint requests recovery of attorneys' fees. Dkt. 1.  Defendants ask the Court to dismiss the attorneys' fee request because it is well-settled in Virginia law that attorneys' fees are not recoverable to the prevailing party in this type of negligence action. Dkt. 15.  Plaintiff argues that the request for attorneys' fees in the ad damnum clause properly reserves the right to seek attorneys' fees in the event that future frivolous motions and pleadings are filed with the court. Dkt. 21.

Certainly, as Defendant argues, attorneys' fees are not generally recoverable in a negligence action under Virginia law. <u>See</u> <u>Gilmore v. Basic Indus., Inc.</u>, 233 Va. 485 (1987) (citing <u>Hiss v. Friedberg</u>, 201 Va. 572 (1960); <u>Norris v. Barbour</u>, 188 Va. 723 (1949)). Further, including an attorneys' fee request in this personal injury action because some grounds in the

future may support such a request is not proper. If Plaintiff seeks attorneys' fees at a future time due to alleged frivolous motions or pleadings, the proper method to request such fees would be through a motion filed with the court, not the ad damnum clause of the Complaint.

That being said, several judges of this Court have recognized that Rule 12(b)(6) "does not provide a vehicle to dismiss a portion of relief sought or a specific remedy, but only to dismiss a claim in its entirety." Facchetti v. Vest, No. 5:15cv49, 2016 WL 3920487, at *1 (W.D. Va. July 18, 2016) (Dillon, J.) (citing cases); see also Bocock v. Specialized Youth Servs. of Va. Inc., No. 5:14-cv-50, 2015 WL 1611387 (W.D. Va. Apr. 10, 2015) (Dillon, J.); Charles v. Front Royal Volunteer Fire & Rescue Dep't, Inc., 21 F. Supp. 3d 620, 629, 631–32 (W.D. Va. 2014) (Urbanski, J.); Debord v. Grasham, No. 1:14-cv-39, 2014 WL 3734320, at *1 (W.D. Va. July 28, 2014) (Jones, J.); Downs v. Winchester Med. Ctr., 21 F. Supp. 3d 615, 620 (W.D. Va. 2014) (Urbanski, J.). Thus, Rule 12(b)(6) does not permit the Court to dismiss a specific remedy sought in a complaint such as a request for attorneys' fees.

Accordingly, Defendants' motion to dismiss Plaintiff's request for attorneys' fees in the Complaint (Dkt. 14) is **DENIED**. This action will continue.

Entered:  October 16, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge